LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Agnes W. White

    v.

Stanley Toy & Novelty Co., Inc.

June 20, 1973

Case No. 4108

By JUDGE ALEX H. SANDS, JR.

Plaintiff, who was injured in a collision with defendant's vehicle, instituted, through her attorney, an action in this court seeking recovery for her injuries sustained in the collision.

Settlement having been effected prior to trial, Lumbermens Mutual Casualty Company petitioned as intervenor to recoup from the proceeds of the settlement the amounts which it had paid out and would become obligated to pay out to plaintiff under orders of the Industrial Commission of Virginia.

There does not appear to be any controversy over the gross amount due petitioner out of the proceeds of the settlement or of petitioner's entitlement thereto. The dispute which brings the matter up for decision is as to how the attorney's fee is to be divided between counsel for petitioner and for plaintiff (employee). Virginia Code § 65.1-43 lays at rest the question which frequently arose prior to enactment of the statute as to whether the insurance carrier

could recoup from the settlement the gross amount paid under order of the Industrial Commission without contribution to costs or attorney's fees incurred in producing the settlement or whether such company had to bear its portion of these expenses upon a proportionate basis. This statute adopted the latter view.

Section 65.1-43, however, while providing that the insurance carrier must contribute ratably to reasonable expenses, including reasonable attorney's fees incurred in bringing about the settlement, is silent as to any provision as to how this attorney's fee is to be divided as between the attorney for the employee who conducts the proceeding and the attorney for the insurer.

While the case of Stancil v. U. S., 200 F. Supp. 36 (E.D. Va. 1961), involves an action brought under the Tort Claims Act and while a federal district judge has the power under this act to fix and award fees, a power not applicable to the situation in the case at bar, yet Stancil, under Judge Hoffman's opinion, furnishes a direct answer to the problem at hand. In Stancil, the employee's attorney had done substantially all of the work on the case. The insurer sought to limit such counsel's compensation to the share of the entire fee apportionable to the part of the settlement to which employee would be entitled. Judge Hoffman refused so to hold and awarded the entire fee of 20% of the recovery (the maximum fee allowed under the Tort Claims Act) to the employee's counsel upon the basis that he had done the entire work on the case. The court pointed out that in many cases the insurer's attorney might actively participate as co-counsel in the case and, by virtue of such participation, be entitled to share in the total fee, but that under the facts in Stancil, this had not been the situation. In so deciding, Judge Hoffman states:

> There are, and perhaps will be in the future, many cases under the Tort Claims Act in which the attorney for the insurance carrier may actively participate or cooperate in a successful effort to secure a recovery. In

that event he would be co-counsel for the plaintiff and a "division of fee under 28 U.S.C.A. § 2678 may well be appropriate, even to the extent of allowing counsel for the carrier the entire percentage of the fee with reference to the amount recovered for the benefit of the insurance carrier. The present controversy does not reflect such action on the part of the carrier. Adopting the Virginia statute, § 65-39.1 of the Code of Virginia 1950, as amended, the court will direct that counsel for the decedent's estate be paid 20% of the entire recovery, and the amount to be paid by way of reimbursement to the insurance carrier shall be subject to a like deduction in favor of counsel for the decedent's estate." (Emphasis added)

The facts of the case at bar fall squarely under Stancil. The efforts of counsel for Agnes White are, for all practical purposes, entirely responsible for the settlement effected.

It is, accordingly, held that counsel for Agnes White is entitled to charge his fee against the gross settlement figure and to be reimbursed from such settlement figure all expenses which he has incurred in prosecuting the case. Petitioner will, under Code § 65.1-43 have its proportionate part of such fee and expenses deducted from the gross share of the settlement to which it is entitled.